**UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA**

| | |
|---|---|
| Jeffrey Shane Johnson,<br>Petitioner<br>-vs-<br>Charles L. Ryan, et al.,<br>Respondents. | CV-11-1858-PHX-PGR (JFM)<br><br>**Report & Recommendation On Petition<br>For Writ Of Habeas Corpus** |

### I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison, filed through counsel a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on September 21, 2011 (Doc. 1). On February 16, 2012, Respondents filed their Answer (Doc. 12). Petitioner filed a Reply on May 16, 2012 (Doc. 17).

The Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

### II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

**A. FACTUAL BACKGROUND**

In resolving Petitioner's direct appeal, the Arizona Court of Appeals described the factual background as follows:

> On December 14, 1993, Defendant followed a car he believed was driven by the father of one of his ex-girlfriends. Defendant fired several shots at the car with a 9 mm gun. However, his ex-girlfriend's father was not driving the car. Instead, the ex-girlfriend's mother was driving, and the ex-girlfriend's two small children were

1

> passengers. At trial, the ex-girlfriend's mother testified that Defendant shot an entire round of bullets at the car. Several bullets struck the car. Defendant testified that when he realized his ex-girlfriend's father was not in the car, he panicked and fled.

(Exhibit P-1, Mem. Dec. at 1-2.)  (Exhibits to the Petition, Doc. 1, are referenced herein as "Exhibit P-___."  Exhibits to the Answer, Doc. 12, are referenced herein as Exhibit A-___.")

### B. PROCEEDINGS AT TRIAL

Petitioner was indicted (Exhibit A-A) in the Maricopa County Superior Court on two counts of aggravated assault, two counts of endangerment, and counts of armed burglary, armed robbery, theft, and resisting arrest.  Petitioner proceeded to trial, and was found guilty on all eight counts.  (Exhibit A-B, M.E. 2/1/96.)

> The jury acquitted Defendant of Armed Robbery but convicted him on all other counts except Burglary, for which he was convicted of the lesser-included offense of Criminal Trespass. The jury also found Defendant had one prior felony conviction and committed his crimes while on parole.
> The trial court sentenced Defendant to life imprisonment on the Endangerment convictions at issue herein, Counts II and III, as well as on Counts I and VIII. The court sentenced Defendant to presumptive terms of 3.75 years on Count IV, 11.25 years on Count VI, and 3. 75 years on Count VII. The trial court ordered Counts I, II, and III to run concurrently, Counts IV and VI concurrently, but consecutive to Counts I, II, and III; and Counts VII and VIII concurrently, but consecutive to Counts I, II, and III.

(Exhibit P-1, Mem. Dec. at  4.)

### C.  PROCEEDINGS ON DIRECT APPEAL

Petitioner filed a direct appeal, asserting a single issue: "Did the trial court commit fundamental error by not giving the jury the option on the Endangerment verdict forms to decide that the offenses involved substantial risk of death or merely substantial risk of physical injury?"  (*Id.* at 4.)  The court found fundamental error, modifying the endangerment convictions to misdemeanors, and remanding for resentencing on those counts.  (*Id.* at 9.)  The appellate court's mandate issued on November 14, 1997 (Exhibit A-C.)

## D.  PROCEEDINGS ON RESENTENCING

On December 17, 1997, the trial court sentenced Petitioner to concurrent sentences of six months on both of the misdemeanor endangerment counts, found that the sentences had been served through pre-sentence incarceration, and ordered Petitioner's release as to those counts.  (Exhibit A-D, M.E. 12/17/97.)

## E.  PROCEEDINGS ON POST-CONVICTION RELIEF

**First PCR Proceeding** - Petitioner did not directly appeal the resentencing, but on January 20, 1998 filed *pro se* a Notice of Post-Conviction Relief.  (Exhibit P-5, PCR Resp., Exhibit 2.)  The Notice was dated January 15, 1998.  (*Id.* at 3.)

Counsel was appointed and filed a PCR Petition arguing the trial court erred when it dismissed the lesser-included verdicts on the aggravated assault counts as surplusage over objection.  (Exhibit P-5, PCR Resp., Exhibit 3.)  The Petition was denied on the merits in a Minute Order dated June 17, 1999, filed June 21, 1999.  (Exhibit P-4, Appendix to PCR, final page, M.E. 6/21/99.)

Counsel filed a motion to extend the time for a petition for review (Exhibit A-F), which was granted (Exhibit A-G, M.E. 7/14/99).  A timely petition was not filed, and on August 27, 1999, the PCR court dismissed the proceedings.  (Exhibit P-5, PCR Resp. at Exhibits, final page.)

**Second PCR Proceeding** – On March 30, 2005, Petitioner filed through counsel a second PCR Notice (Exhibit P-2), and on June 6, 2005 a "Memorandum in Support of Petition" (Exhibit P-3).  Petitioner raised claims of: (1)  ineffective assistance in advising Petitioner on a proffered plea agreement; (2) redundant and inconsistent verdicts; and (3) instructional error resulting in conviction on less than proof beyond a reasonable doubt.  Petitioner argued that his ineffective assistance claim was not barred because it was based upon a change in the law wrought by *State v. Donald*, 198 Ariz. 406, 10 P.3d 1193 (App. 2000).

The PCR court rejected the "redundant and inconsistent verdicts" claim as

precluded because presented and decided in his first PCR proceeding. The court rejected the instructional error claim as waived because not previously raised. The court set an evidentiary hearing on the ineffective assistance claim. (Exhibit P-7, M.E. 8/26/05.) The hearing was held and the PCR court found ineffective assistance in counsel's representation during plea negotiations, and granted the petition. (Exhibit P-8, R.T. 1/20/06; Exhibit P-15C, R.T. 4/4/06; and Exhibit P-9, M.E. 4/14/06.) The state sought reconsideration, which was denied, with the court finding that *State v. Donald* adopted "a new rule that represented a significant change in the law." (Exhibit P-10, M.E. 5/1/06.)

Before a new sentencing was held, the state filed a Petition for Review (Exhibit P-11), challenging the PCR court's preclusion determination, its findings of deficient performance and prejudice, and that the *Donald* decision was wrongly decided. The Arizona Court of Appeals dismissed the petition as premature. (Exhibit P-14, Order 9/14/06.)

**Special Action** – On September 26, 2006, the state filed with the Arizona Court of Appeals a Petition for Special Action (Exhibit P-15A), raising the same issues asserted in its earlier petition for review. That petition was summarily denied on September 27, 2006. (Exhibit P-16, order 9/27/06.)

The state then sought review and/or a special action before the Arizona Supreme Court (Exhibit P-17A). Those petitions were likewise summarily denied. (Exhibit P-19, Order 3/14/07).

**Continuation of 2nd PCR Proceeding** – The PCR Court proceeded to hold a series of hearings on the appropriate remedy, including reinstatement of the plea offer and a new trial. On April 11, 2007, the PCR court ruled that a new trial was the appropriate remedy. (Exhibit P-21, M.E. 4/11/07.)

Petitioner then filed a Petition for Review (Exhibit P-22), challenging the dismissal of his attacks on the verdicts and jury instructions, and the remedy ordered on the ineffective assistance claim.

The state filed its own Petition for Review (Exhibit P-24), challenging the PCR

4

court's timeliness determination on the ineffective assistance claim, the merits of the claim, and arguing that the *Donald* decision was wrongly decided.

On March 30, 2010, the Arizona Court of Appeals found that *Donald* did not represent a significant change in the law, that the claim based on *Donald* was precluded, and it ordered the new trial and grant of post-conviction relief vacated. (Exhibit P-26, Dec. 3/30/10.)

Petitioner then sought review by the Arizona Supreme Court (Exhibit P-27, Pet. Rev.), which was summarily denied on September 22, 2010 (Exhibit P-29, Order 9/22/10).

### F. PRESENT FEDERAL HABEAS PROCEEDINGS

**Petition** - Petitioner commenced the current case by filing through counsel his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on September 21, 2011 (Doc. 1). Petitioner's Petition asserts the following three grounds for relief:

(1) Ineffective assistance in plea negotiations;
(2) Denial of due process through use of redundant and inconsistent verdicts; and
(3) Denial of due process through use of improper reasonable doubt instructions.

**Response** - On February 16, 2012, Respondents filed their Response ("Answer") (Doc. 12). Respondents argue that the Petition is barred by the habeas statute of limitations.

**Reply** - On May 16, 2012, Petitioner filed a Reply (Doc. 17). Petitioner argues that his Petition is timely because *Missouri v. Frye,* - - U.S. - - , 132 S. Ct. 1339 (2012) was the first time the United States Supreme Court "considered whether the constitutional right of counsel extends to the negotiation and consideration of plea offers that are rejected." Petitioner further argues the proper exhaustion of state remedies and the merits of his claims.

//

//

# III. APPLICATION OF LAW TO FACTS

## A. TIMELINESS

### 1. One Year Limitations Period

Respondents assert that Petitioner's Petition is untimely. As part of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress provided a 1-year statute of limitations for all applications for writs of habeas corpus filed pursuant to 28 U.S.C. § 2254, challenging convictions and sentences rendered by state courts. 28 U.S.C. § 2244(d). Petitions filed beyond the one year limitations period are barred and must be dismissed. *Id.*

### 2. Commencement of Limitations Period

**Finality** - The one-year statute of limitations on habeas petitions generally begins to run on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

In *Burton v. Stewart*, 549 U.S 147 (2007), the Court concluded that for purposes of the habeas statute of limitations, "[f]inal judgment in a criminal case means sentence. The sentence is the judgment." *Id*. at 799 (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937)). *See also Ferreira v. Secretary, Dept. of Corrections*, 494 F.3d 1286 (11th Cir. 2007) (holding re-sentencing judgment is relevant one, even if challenge is directed only to earlier conviction).

Here, Petitioner's original sentence was vacated in part, and remanded for resentencing. (Exhibit P-1, Mem. Dec. 8/26/97.) On December 17, 1997, the trial court sentenced Petitioner to time served on those counts. (Exhibit A-D, M.E. 12/17/97.) If it is assumed that this is the relevant sentence as to all of Petitioner's convictions and sentences, then Petitioner's judgment became final on the expiration of his time for seeking review of that sentence, e.g. "20 days after the entry of judgment and sentence," Ariz.R.Crim.Proc. 31.3. Under this assumption, the judgment was final, and Petitioner's one year began to run on January 7, 1998.

If, on the other hand, it is assumed that the original sentence is the relevant one, then Petitioner's direct review of that sentence terminated when his time expired to seek review by the Arizona Supreme Court of the Arizona Court of Appeals' decision. That occurred "30 days after the Court of Appeals issues its decision," or on Thursday, September 25, 1997. Under this assumption, Petitioner's one year began to run on September 26, 1997, rather than January 7, 1998.

Because it does not affect the outcome, the undersigned presumes that it is the later resentencing on remand which controls, and that Petitioner's conviction became final on January 6, 1998, and began to run on January 7, 1998..

**Change in the Law** – While the finality of the conviction is the normal commencement date for the habeas limitations period, the statute does provide an exception for changes in the law. Section 2244(d)(1)(C) provides that the period can run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

Petitioner apparently argues that *Missouri v. Frye,* - - U.S. - - , 132 S. Ct. 1339 (2012) constitutes such a change in the law. In *Frye*, the Court considered "whether the constitutional right to counsel extends to the negotiation and consideration of plea offers that lapse or are rejected." 132 S.Ct. at 1404.

However, *Frye* was "merely an application of the Sixth Amendment right to counsel, as defined in *Strickland*, to a specific factual context," and thus did not establish any new rule, *In re Perez*, 682 F.3d 930, 932 (11th Cir. 2012), and likewise did not recognize any new constitutional right. *See also*, *Hare v. U.S.*, 2012 WL 3156329 (7th Cir. 7/24/2012) (*Frye* "did not announce a new rule of constitutional law…merely applied the Sixth Amendment right to effective assistance of counsel").

Moreover, *Frye* has not been made "retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C).

Accordingly, § 2244(d)(1)(C) does not apply to Petitioner's ineffective assistance

7

claim.  Moreover, it would have no application to Petitioner's attacks on the verdicts and jury instruction.

**Conclusion re Commencement** – Based on the foregoing, the undersigned concludes that Petitioner's one year commenced running no later than January 7, 1998. Barring statutory or equitable tolling, it would have expired no later than January 6, 1999, making his habeas petition filed September 21, 2011 more than twelve years delinquent.

## 3. Statutory Tolling

The AEDPA provides for tolling of the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).  Such tolling only results from state applications that are "properly filed," and an untimely application is never "properly filed" within the meaning of § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

**First PCR Proceeding** - Petitioner first PCR proceeding was commenced when he filed his first Notice of Post-Conviction Relief, dated January 15, 1998. (Exhibit P-5, PCR Resp., Exhibit 2.)  Although not filed until January 20, 1998, under the prison mailbox rule, filings are deemed "filed" at the time they are delivered to prison officials for mailing. *See Stillman v. LaMarque*, 319 F.3d 1199 (9th Cir. 2003). Because it does not change the outcome of this proceeding, the undersigned presumes for purposes of this Report & Recommendation that the prison mailbox rule applies and that Petitioner mailed his notice on January 15, 1998, and that his first PCR proceeding commenced as of January 15, 1998.

Because it does not affect the outcome, the undersigned also presumes for purposes of this Report & Recommendation that this proceeding remained pending until not only August 13, 1999, when Petitioner's extended time to file a petition for review expired, but also through the PCR court's August 27, 1999 dismissal of the proceedings.

(*See* Exhibit A-G, M.E. 7/14/99; and Exhibit 5, PCR Resp. at Exhibits, final page.)

With those assumptions, at least 8 days of Petitioner's one year elapsed between his conviction becoming final (on January 6, 1998) and the commencement of his first PCR proceeding (on January 15, 1998). Thus, upon the conclusion of his first PCR proceeding on August 27, 1999, Petitioner would have had 357 days of his one year remaining. Thus, his federal habeas petition would have had to have been filed by Monday, August 21, 2000.

**Subsequent PCR Proceedings** – Petitioner's next state application was not filed until March 30, 2005, when Petitioner filed through counsel a second PCR Notice (Exhibit P-2). At that time, his one year limitations period had been expired for over four and one-half years. Once the habeas statute has run, a subsequent post-conviction or collateral relief filing does not reset the running of the one year statute. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). Accordingly, Petitioner's second PCR proceeding did not effect any statutory tolling.

**Summary** – Under the presumptions made herein, Petitioner's one year was tolled at most from January 15, 1998 through August 27, 1999, and expired no later than August 21, 2000. Accordingly, Petitioner has not shown adequate statutory tolling to make his 2011 federal habeas Petition timely.

**4. Equitable Tolling**

"Equitable tolling of the one-year limitations period in 28 U.S.C. § 2244 is available in our circuit, but only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time' and 'the extraordinary circumstances were the cause of his untimeliness.'" *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003).

> To receive equitable tolling, [t]he petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the

        extraordinary circumstances ma[de] it impossible to file a petition on time.

*Ramirez v. Yates,* 571 F.3d 993, 997 (9th Cir. 2009) (internal citations and quotations omitted). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.' " *Miranda v. Castro,* 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.).

      Here, Petitioner does not purport to show any basis for equitable tolling. The undersigned finds none.

### 5. Actual Innocence

      The Ninth Circuit has concluded that the statute of limitations is subject to an exception for claims of actual innocence. *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011). Petitioner makes no such claim in this proceeding. The undersigned finds no basis for a finding of actual innocence.

### 6. Summary

      Petitioner's conviction became final on conclusion of direct review no later than January 6, 1998, on the expiration of his time to appeal his re-sentencing on remand. The limitations period was statutorily tolled by his first PCR proceeding for no more than the time period January 15, 1998 through August 27, 1999, and expired no later than August 21, 2000. Petitioner has not shown any basis for equitable tolling. Accordingly, his Petition filed September 21, 2011 was over eleven years delinquent, and is barred by the habeas statute of limitations.

      Based on the foregoing, the undersigned concludes that Petitioner's Petition must be dismissed with prejudice.

### IV. CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability

when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner. Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds. To the extent that Petitioner's claims are rejected on procedural grounds, under the reasoning set forth herein, the undersigned finds that "jurists of reason" would not "find it debatable whether the district court was correct in its procedural ruling." Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.

## V.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed September 21, 2011 (Doc. 1) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that to the extent the reasoning of this Report & Recommendation is adopted, that a certificate of appealability be **DENIED.**

## VI. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See also* Rule 8(b), Rules Governing Section 2254 Proceedings.   Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues,  *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),  and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: September 7, 2012

11-1858r RR 12 08 31 on HC.docx

James F. Metcalf
United States Magistrate Judge