**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey Shane Johnson, ) | No. 11-CV-1858-PHX-PGR (JFM) |
| Petitioner, ) | |
| vs. ) | **ORDER** |
| Charles L. Ryan, et. al., ) | |
| Defendants. ) | |

Before the Court is the Report and Recommendation of Magistrate Judge Metcalf (Doc. 18), which addresses Petitioner's Petition for Writ of Habeas Corpus, filed on September 21, 2011, pursuant to 28 U.S.C. § 2254 (Doc. 1). Petitioner filed objections to the Report and Recommendation. (Doc. 27.)

Magistrate Judge Metcalf recommends that the Court deny the petition as barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d)(1)(A).[1] Specifically, Magistrate Judge Metcalf concludes that *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), and *Missouri v. Frye*, 132 S. Ct. 1399 (2012), decided March 12, 2012, did not announce a newly-recognized constitutional right that would apply retroactively to Petitioner's case and render his petition timely under 28 U.S.C.

---

[1] On February 1, 1996, a jury convicted Petitioner of several offenses, including endangerment, and found that he had a prior felony conviction and committed the crimes while on parole. The court sentenced him to life imprisonment on the endangerment convictions. His conviction became final on January 6, 1998, and the statute of limitations commenced January 7, 1998.

§ 2244(d)(1)(C). Petitioner objects to this conclusion.[2] (Doc. 27 at 2.)

Magistrate Judge Metcalf's conclusion is correct. "[N]either *Cooper* nor *Frye* announced a new rule of constitutional law." *Williams v. United States*, 705 F.3d 293 (9th Cir. 2013) (per curiam) (citing *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012); *In re King*, 697 F.3d 1189 (5th Cir. 2012) (per curiam); *Hare v. United States*, 688 F.3d 878, 879–80 (7th Cir. 2012); *In re Perez*, 682 F.3d 930, 932–34 (11th Cir.2012) (per curiam)). Therefore, Petitioner's habeas petition is untimely and must be dismissed.

Having reviewed the matter *de novo* in light of Petitioner's objections, the Court will adopt the Report and Recommendation, deny the habeas petition, and dismiss the action.

Accordingly,

IT IS HEREBY ORDERED that Magistrate Judge Metcalf's Report and Recommendation (Doc. 18) is ACCEPTED and ADOPTED by the Court.

IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is DISMISSED and DENIED with prejudice.

IT IS FURTHER ORDERED DENYING a Certificate of Appealability.

IT IS FURTHER ORDERED that the Clerk of the Court shall close this case.

DATED this 18th day of March, 2013.

Paul G. Rosenblatt
United States District Judge

---

[2] Petitioner does not challenge Magistrate Judge Metcalf's finding that neither statutory nor equitable tolling apply. (Doc. 27 at 2.)